IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY E. CURL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-933-JJF |
| INTERNAL REVENUE SERVICE, | : |
| Defendant. | : |

### MEMORANDUM ORDER

Plaintiff Gary E. Curl ("Plaintiff") filed a *pro se* Complaint on December 4, 2009 (D.I. 3), and subsequently filed an an Amended Complaint on December 7, 2009 (D.I. 5). Plaintiff was granted leave to proceed *in forma pauperis* on December 16, 2009. (D.I. 6.) By his Amended Complaint, Plaintiff alleges that Defendant Internal Revenue Service ("Defendant") has wrongfully levied his bank accounts without providing notice of the levy. On December 4, 2009, Plaintiff filed an Emergency Motion For Cease And Desist requesting that the Court "enter an Order granting Cease and Desist and reversal of all actions taken by Internal Revenue Service and dismissal of any Court actions taken without notice." (D.I. 2.)

To the extent Plaintiff seeks injunctive relief to prevent Defendant from levying his bank accounts, seizing other property, and destroying his credit rating (id.), the Court construes his request as a Motion For Temporary Restraining Order. When considering a motion for a temporary restraining order or

preliminary injunction, the Court considers: (1) the likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). It is Plaintiff's burden, in seeking injunctive relief, to show both a likelihood of success on the merits and a probability of irreparable harm. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992)(citing Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990)).

Upon review of Plaintiff's Motion and Amended Complaint, the Court concludes that entry of a temporary restraining order is not warranted. Although "[n]o levy may be made on any property . . . unless the Secretary has notified such person in writing of their right to a hearing," 26 U.S.C. § 6330(a)(1), Plaintiff has failed to demonstrate a likelihood of success on the merits in this action. Further, Plaintiff has failed to demonstrate that he will be irreparably harmed by Defendant's actions if injunctive relief is not granted.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion For Cease And Desist (D.I. 2) is **DENIED**.

January 29, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE