IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
GARY E. CURL,                   :
                                :
          Plaintiff,            :
                                :
                                :
             v.                 : Civil Action No. 09-933-JJF
                                :
INTERNAL REVENUE SERVICE,       :
                                :
          Defendant.            :
```

Gary E. Curl, Pro Se Plaintiff.  Wilmington, Delaware.

**MEMORANDUM OPINION**

March 3D, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Gary E. Curl ("Plaintiff"), who proceeds pro se, filed this action pursuant to 26 U.S.C. § 7426.  (D.I. 3, 5.)  He has been given leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court has jurisdiction pursuant to 28 U.S.C. § 1340.

## I.  BACKGROUND

Plaintiff alleges that Defendant Internal Revenue Service ("IRS") placed a levy upon his bank accounts without notice.  He asks that Defendant follow the law and provide due notice.  He also asks that the Court:  (1) vacate any judgment that was summarily adjudicated without proper notice and enter an order requiring the IRS to release all encumbrances from the levy; (2) release the levy on Plaintiff's bank accounts; (3) order the IRS to refrain from any future activity until there is proper notice; (4) order the IRS to correct any indirect punitive actions; (5) order the to IRS conduct itself with fairness, good faith, due diligence, and no retaliation in its future dealings with Plaintiff; and (6) order the IRS to schedule and interact with Plaintiff to rectify the wrongful levy and resolve Plaintiff's ongoing situation of taxes owed.

## II.  STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis that are frivolous, malicious, fail to

2

state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher

v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R.
Civ. P. 12(b)(6) standard to dismissal for failure to state a
claim under § 1915(e)(2)(B)). However, before dismissing a
complaint or claims for failure to state a claim upon which
relief may be granted pursuant to the screening provisions of 28
U.S.C. § 1915, the Court must grant Plaintiff leave to amend his
complaint unless amendment would be inequitable or futile. See
Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir.
2002).

    A well-pleaded complaint must contain more than mere labels
and conclusions. See Ashcroft v. Iqbal, -U.S.- , 129 S.Ct. 1937
(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). When
determining whether dismissal is appropriate, the Court conducts
a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210
(3d Cir. 2009). First, the factual and legal elements of a claim
are separated. Id. The Court must accept all of the complaint's
well-pleaded facts as true, but may disregard any legal
conclusions. Id. at 210-11. Second, the Court must  determine
whether the facts alleged in the complaint are sufficient to show
that Plaintiff has a "plausible claim for relief." Id. at 211.
In other words, the complaint must do more than allege
Plaintiff's entitlement to relief; rather it must "show" such an
entitlement with its facts. Id.

    "To survive dismissal, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949

(quoting Twombly, 550 U.S. at 570). A claim is facially

plausible when its factual content allows the Court to draw a

reasonable inference that the defendant is liable for the

misconduct alleged. Id. The plausibility standard "asks for

more than a sheer possibility that a defendant has acted

unlawfully." Id. "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short

of the line between possibility and plausibility of 'entitlement

to relief.'" Id. The assumption of truth is inapplicable to

legal conclusions or to "[t]hreadbare recitals of the elements of

a cause of action supported by mere conclusory statements." Id.

"[W]here the well-pleaded facts do not permit the court to infer

more than a mere possibility of misconduct, the complaint has

alleged - but it has not shown - that the pleader is entitled to

relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Initially, the Court notes that the named defendant is the

IRS. The nature of Plaintiff's action, however, is one against

the United States. For a federal agency to be amenable to suit,

Congress must authorize suit against it by name. See Blackmar v.

Guerre, 342 U.S. 512, 514 (1952). Congress has not authorized

suit against the IRS with respect to suits of the type Plaintiff

has filed.   Therefore, the IRS is not a proper party to this

action.   See In re Dye, Civ. No. 99-139-SLR, 2000 WL 1202109 (D.

Del. 2000), aff'd, 262 F.3d 403 (3d Cir. 2001).   Additionally, 26

U.S.C. § 7426 provides that the United States should be

substituted as a defendant when an action is improperly brought

against any officer or employee of the United States.   Inasmuch

as Plaintiff proceeds pro se, the Court finds that the Complaint

intends to sue the United States and that Plaintiff inadvertently

named the IRS as the defendant party.

## IV.   CONCLUSION

Based upon the foregoing analysis, the Court will substitute

the United States for the Internal Revenue Service as a party

defendant and allow Plaintiff to proceed with his claim.

An appropriate Order will be entered.