## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Gary E. Curl,                      :
                                   :
              Plaintiff,           :
                                   :        **CONSOLIDATED**
       v.                          :        Civ. No. 09-933-LPS
                                   :
United States of America,          :
                                   :
              Defendant.           :

---

### MEMORANDUM ORDER

At Wilmington this 2nd day of September, 2011:

Presently before the Court is Defendant United States of America's Motion to Dismiss.

(D.I. 15)  For the reasons discussed below, the Court will grant the Motion to Dismiss.

## I.    BACKGROUND

Plaintiff Gary E. Curl ("Plaintiff"), who proceeds pro se, filed this lawsuit against the

Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7426 seeking damages and an

injunction for wrongful levy of taxes.  (D.I. 3, 5)  On March 30, 2010, the United States of

America ("United States") was substituted for the IRS as Defendant.  (D.I. 9)

The United States moves to dismiss on the grounds that Plaintiff failed to state a claim

upon which relief can be granted and that the Court lacks subject matter jurisdiction over this

case due to the doctrine of sovereign immunity.[1]  (D.I. 15)  Plaintiff opposes this motion.  (D.I.

---

[1]Because the Court has determined that it lacks subject matter jurisdiction, it will not address the United States' additional argument that Plaintiff failed to state a claim upon which relief can be granted.

18)

## II.   **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of

jurisdiction over the subject matter. *See Samsung Electronics Co., Ltd. v. ON Semiconductor*

*Corp.*, 541 F. Supp.2d 645, 648 (D. Del. 2008). Motions brought under Rule 12(b)(1) may

present either facial or factual challenges to the Court's subject matter jurisdiction. *See*

*Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977).

> In reviewing a facial challenge under Rule 12(b)(1), the standards relevant
> to Rule 12(b)(6) apply. In this regard, the Court must accept all factual
> allegations in the Complaint as true, and the Court may only consider the
> complaint and documents referenced in or attached to the complaint.
> *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).
> [In contrast, however,] [i]n reviewing a factual challenge to the Court's
> subject matter jurisdiction, the Court is not confined to the allegations of
> the complaint, and the presumption of truthfulness does not attach to the
> allegations in the complaint. *Mortensen v. First Fed. Sav. & Loan*, 549
> F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence
> outside the pleadings, including affidavits, depositions and testimony, to
> resolve any factual issues bearing on jurisdiction. *Gotha v. United States*,
> 115 F.3d 176, 179 (3d Cir. 1997).

*Samsung*, 541 F. Supp.2d at 648.

Once the Court's subject matter jurisdiction over a complaint is challenged, Plaintiff

bears the burden of proving that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

## III.   **DISCUSSION**

An action against the United States cannot be maintained unless the United States waives

its sovereign immunity. *See United States v. Mitchell (I)*, 445 U.S. 535, 538 (1980). A waiver of

sovereign immunity cannot be implied but must be "unequivocally expressed." *Id.* Moreover,

"[i]t is axiomatic that the United States may not be sued without its consent and that the existence of the consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983).

Here, the United States has not waived its immunity.  Although § 7426 permits lawsuits against the United States for wrongful levy of taxes in certain instances, § 7426 expressly precludes "the person against whom is assessed the tax out of which the levy arose" from filing suit against the United States.  26 U.S.C. § 7426(a)(1); *see also McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996) (noting that first prerequisite to establishing § 7426 waiver of sovereign immunity is that "the person asserting the wrongful levy claim must not be one against whom the tax is assessed").  The § 7426(a)(1) waiver of sovereign immunity is inapplicable here because Plaintiff is the taxpayer; thus, the United States has not waived its sovereign immunity with respect to the instant suit.

## IV.    **CONCLUSION**

For the above reasons, **IT IS HEREBY ORDERED THAT** the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 15) is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE
